IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAKE MATTHEWS, | : | No. 4:CV-06-1760 |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| LT. JOSEPH G. ELIAS, et. al, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### October 31, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss of Defendant, Attorney General of Pennsylvania (doc. 4) filed on September 21, 2006.  Also pending before the Court is a Motion to Dismiss of Defendant, Pennsylvania State Police (doc. 7) filed on September 26, 2006.

For the following reasons the Motions (docs. 4 and 7), shall be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

On September 30, 2006, local police officers entered Plaintiff Blake Matthews' ("Plaintiff") residence upon a report from Plaintiff's ex-girlfriend that Plaintiff was suicidal and was in need of hospitalization.  The officers took Plaintiff into custody and transported him to the Ephrata Community hospital where he was

involuntarily committed, as a result of an application filed by Plaintiff's ex-girlfriend under Section 302 of the Mental Health Procedures Act. The officers also took possession of certain firearms which were the property of Plaintiff. On October 3, 2003, a hearing was held, as required by Section 303 of the Mental Health Procedures Act, and it was determined by the hearing officer that the Plaintiff was not in need of emergency involuntary treatment and he was released from the hospital.

Plaintiff alleges that he continually has asked the police for the return of the firearms, however on July 14, 2005, Plaintiff received a letter from Defendant Lieutenant Joseph Elias, on the letter head of the Defendant Pennsylvania State Police, that his request for return of his firearms was being denied. The letter cited 18 Pa. C. S. § 6105(c)(4), which prohibits a person who has been adjudicated incompetent or has been involuntarily committed to a mental institution for inpatient care under Section 302, 303 or 304 of the Mental Health Procedures Act from possession of a firearm.

On September 8, 2006, the Plaintiff filed a complaint with this Court, seeking damages from the Defendants jointly and severally for claimed violations of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights (Counts One, Two and Three). The complaint also seeks declaratory relief concerning the constitutionality

of 18 Pa. C.S. § 6105(c)(4), and an injunction against its enforcement (Count Four).  The instant Motions (docs. 4 and 7) were filed by Defendants Attorney General of Pennsylvania and Pennsylvania State Police.  The Motions have been fully briefed and are therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

    **A.**    **Motion to Dismiss of Defendant Attorney General of**

3

**Pennsylvania**

The Defendant Attorney General of Pennsylvania ("Attorney General") moves this Court to dismiss the complaint, alleging that none of the counts in the complaint state a claim against the Attorney General upon which relief may be granted.

Counts One, Two and Three allege claims of violations of the Plaintiffs Fourth, Fifth and Fourteenth Amendment rights via 42 U.S.C. § 1983. To establish a §1983 claim, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. See Nicini v. Morra, 212 F.3d 798, 806. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Id.

The Attorney General argues that since no factual allegations are presented against him with respect to the Plaintiffs §1983 claims, that there is no basis upon

4

which to hold the Attorney General liable in damages.  Plaintiff argues that because the Attorney General oversees the actions of the Defendant Pennsylvania State Police in upholding or overruling the denial of an alleged prohibition to possess firearms, that a §1983 claim is properly pled against the Attorney General.

It is quite apparent from a review of Counts One, Two and Three of Plaintiff's complaint that the Attorney General is not alleged to have participated in, or to have had knowledge of and acquiesced in, the confiscation of Plaintiff's firearms, the involuntary commitment proceeding or even the decision to refuse to return Plaintiff's firearms to him.  Plaintiff's allegation that the Attorney General generally oversees co-Defendant Pennsylvania State Police does not save Plaintiff's §1983 claim against the Attorney General inasmuch as Plaintiff has not alleged any personal involvement by the Attorney General in the alleged deprivation of Plaintiff's rights.  Accordingly, we shall dismiss Counts One, Two and Three as against the Attorney General.

Count Four of the complaint seeks declaratory and injunctive relief against the Attorney General in connection with a determination by the Court that 18 Pa. C. S. § 6105(c)(4) is unconstitutional.

"[A] plaintiff challenging the validity of a state statute may bring suit against the official who is charged with the statute's enforcement *only if* the official has

either enforced, or threatened to enforce, the statute against the plaintiffs. General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." 1st Westco Corp. v. School District of Philadelphia, 6 F.3d 108, 113 (3d Cir. 1993)(citing Rode, 845 F.2d at 1209).

As properly submitted by the Attorney General, the Pennsylvania State Police, the entity that refused to return Plaintiff's firearms, is an agency under the Governor's jurisdiction. Furthermore, although the Plaintiff suggests that the Attorney General "oversees" the decision of the Pennsylvania State Police with respect to the implementation of 18 Pa. C. S. § 6105(c)(4), under the Pennsylvania Uniform Firearms Act, the Attorney General's involvement is limited to a review of a challenge by an individual to the accuracy of his or her records. See 18 Pa. C. S. § 6111.1(e).

Plaintiff has not alleged that the Attorney General has enforced §6105(c)(4) against him, nor can he allege such, because the Attorney General does not oversee the administration of the subject section or the Pennsylvania State Police. Accordingly, because Plaintiff has failed to state a claim against the Attorney General with respect to Count Four, we shall dismiss the complaint as against the Attorney General.

**B.     Motion to Dismiss of Defendant, Pennsylvania State Police**

The Defendant Pennsylvania State Police ("PSP")  moves this Court to dismiss the complaint, alleging that none of the counts in the complaint state a claim against the PSP upon which relief may be granted.  The PSP further alleges that, as an agency of the government of the Commonwealth of Pennsylvania, it is entitled to Eleventh Amendment immunity.

Immunity under the Eleventh Amendment to the United States Constitution precludes suits against a state or state agency in federal court by citizens of that state or other states.  See College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999), Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).  The Eleventh Amendment's jurisdictional bar is equally applicable to suits seeking money damages and equitable relief.  See Edelman, 415 U.S. at 663; Alabama v. Pugh, 438 U.S. 781, 782 (1978).  A state may consent to suit against it or its agency in federal court by waiving its immunity.  In the absence of consent a suit against a state or one of its agencies is proscribed by the Eleventh Amendment.  See Pennhurst State School and Hopsital v. Halderman, 465 U.S. 89, 98 (1984).

It is not alleged that the PSP, an agency of the Commonwealth of Pennsylvania, has waived in its immunity in this action.  Accordingly, because

immunity has not been waived, the Eleventh Amendment provides a jurisdictional bar to suit against the PSP and the Motion (doc. 7) shall be granted and complaint shall be dismissed as against the PSP.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Motion to Dismiss of Defendant Attorney General of Pennsylvania (doc. 4) is GRANTED.

2. The complaint is DISMISSED as against Defendant Attorney General of Pennsylvania.

3. The Clerk shall terminate Defendant Attorney General of Pennsylvania as a party to this action.

4. Motion to Dismiss Defendant Pennsylvania State Police (doc. 7) is GRANTED.

5. The complaint is DISMISSED as against Defendant Pennsylvania State Police.

6. The Clerk shall terminate Defendant Pennsylvania State Police as a party to this action.

s/ John E. Jones III  
John E. Jones III  
United States District Judge